NEW-YORK,
May, 1830.

The People
v.
N. York C. P.

---

THE PEOPLE, on the relation of H. Demarest, *vs.* NEW-YORK C. P.

The courts of common pleas of this state never had jurisdiction of writs of right.

MOTION for a mandamus. A *writ of right* was sued out of and returnable in the New-York *common pleas* on the third Monday of January last, the writ having issued a few days previous to the first day of January. On the fourth day of the court, the demandant moved that the tenant be called; the presiding judge refused to have him called, deciding that the common pleas had not jurisdiction of a writ of right. A mandamus was now asked for, directing the C. P. to proceed in the cause.

*J. Radcliff*, for the relator.

*W. Slosson*, contra.

*By the Court*, SAVAGE, Ch. J. By the *terms* of the acts organizing the courts of common pleas in this state, jurisdiction seems to be given to them as well in *real* as in *personal* and *mixed* actions; but until now it is believed it has never been attempted to prosecute a writ of right in a court of common pleas. At an early day, 6th February, 1786, (Greenleaf's ed. of the Laws, vol. 1, p. 50,) a statute was passed in this state regulating proceedings in writs of right; and it is very manifest that it was not then contemplated that writs of right should be prosecuted in the courts of common pleas, as many of the provisions of that statute apply exclusively to the prosecution of suits in the supreme court, and are inapplicable to the prosecution of such suits in the courts of common pleas. From this early act of the legislature providing for the prosecution of such suits in the *supreme court*, and not extending its provisions to the courts of common pleas; from

the nature of the action, and the forms of proceeding peculiar to it, and from the common opinion that the supreme court alone had jurisdiction of such suits, we concur with the court below in saying that the common pleas had not jurisdiction of a writ of right, and therefore deny the motion for a mandamus.